FILED ___ ENTERED
LODGED ___ RECEIVED

OCT 26 2015

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
for the
Western District of Washington

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. MJ15-476
 )
A wireless telephone and a GPS device, as further )
described in Attachment A )
 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

A wireless telephone and a GPS device, as further described in Attachment A

located in the ___Western___ District of ___Washington___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B for a list of items to be seized.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(C); 21 U.S.C. § 952(a), 960(a)(1) and 960(b)(3) | Possession of Controlled Substances with Intent to Distribute; Importation of a Controlled Substance. |

The application is based on these facts:

See Affidavit of Special Agent Yi-Lin Lee

☑ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

HSI Special Agent Yi-Lin Lee
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Oct 26, 2015

_____
*Judge's signature*

City and state: Seattle, Washington

United States Magistrate Judge Mary Alice Theiler
*Printed name and title*

# AFFIDAVIT

STATE OF WASHINGTON    )
                       )  ss
COUNTY OF KING         )

I, **Yi-Lin Lee**, having been duly sworn, state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of digital devices[1] or electronic storage media,[2] hereinafter the "SUBJECT DEVICES," which are currently in law enforcement possession, and the extraction from those devices or electronic storage media of electronically stored information. The SUBJECT DEVICES are a wireless telephone and GPS device seized from the Defendant Wen-Xian Zhang when the United States Coast Guard intercepted him transporting approximately 23 kilograms of methylenedioxymethamphetamine ("MDMA" or "Ecastasy") from Canada into the United States on board a small speed boat in August 2015. Based on this conduct, the Defendant has been charged by indictment with Possession of Controlled Substances with Intent to Distribute, (21 U.S.C. § 841(a)(1) and (b)(1)(C)) and Importation of a Controlled Substance (21 U.S.C. § 952(a), 960(a)(1) and 960(b)(3)). There is probable cause to believe that the SUBJECT DEVICES contain evidence related

---

[1] "Digital device" includes any device capable of processing and/or storing data in electronic form, including, but not limited to: central processing units, laptop, desktop, notebook or tablet computers, computer servers, peripheral input/output devices such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media, related communications devices such as modems, routers and switches, and electronic/digital security devices, wireless communication devices such as mobile or cellular telephones and telephone paging devices, personal data assistants ("PDAs"), iPods/iPads, Blackberries, digital cameras, digital gaming devices, global positioning satellite devices (GPS), or portable media players.

[2] Electronic Storage media is any physical object upon which electronically stored information can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

AFFIDAVIT OF SPECIAL AGENT YI-LIN LEE
USAO# 2015R0997 - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to the charges specifically that the telephone and GPS device contain information about the Defendant's knowledge of the drugs, the purpose of his trip, where he acquired the drugs, who he was working with, where he was supposed to deliver the drugs, any efforts to avoid contact with law enforcement, and other information relevant to the Defendant's charges. The SUBJECT DEVICES are described in Attachment A, and the information sought is described in Attachment B.

2. I am a Special Agent ("SA") with the Department of Homeland Security, United States Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), Seattle field office. I have received formal training at the Federal Law Enforcement Training Center in Brunswick, Georgia and have been employed as a SA with ICE since 2009. I am currently assigned to the Transnational Criminal Organizations Group, which investigates transnational gang related crimes. I have been employed in this capacity since December of 2014. Prior to this assignment, I was assigned to the Counter-proliferation Investigations ("CPI") Group for approximately five years, which investigates the illegal export of weapons and other items from the United States. I am charged with the investigation of various violations of laws enforced by HSI, to include enforcing federal criminal statutes involving violations of Title 18 and Title 21.

3. The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience.

4. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to

AFFIDAVIT OF SPECIAL AGENT YI-LIN LEE
USAO# 2015R0997 - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

believe that evidence and instrumentalities of violations of the importation, transportation, and distribution of controlled substances will be found on the SUBJECT DEVICES.

**IDENTIFICATION OF THE SUBJECT DEVICE TO BE EXAMINED**

5. The SUBJECT DEVICES include:

   a. A Motorola XT1023 cellular telephone with the serial number 359301050376184 ("CELLULAR PHONE"), and

   b. A Garmin Map 78, global positioning systems device, serial number 1WQ079961 ("GPS DEVICE").

6. The SUBJECT DEVICES are currently located at HSI Blaine Washington's Seized Property Vault.

7. The warrant would authorize the forensic examination of the SUBJECT DEVICES for the purpose of identifying electronically stored data particularly described in Attachment B.

**THE INVESTIGATION**

8. On August 27, 2015 at approximately 2:30 pm, the United States Coast Guard (USCG) Cutter Swordfish was conducting patrol operations near the Canadian border northwest of Waldron Island, Washington, when it spotted a small fiberglass boat, approximately 22 feet long, coming from the direction of the Canadian border at a high rate of speed (estimated at 30 knots). The USCG subsequently reviewed radar records from Canadian law enforcement showing a boat heading from Canadian waters across the United States border on the same heading and at approximately the same speed. Upon visually identifying the small fiberglass boat, the USCG Cutter Swordfish launched a smaller patrol vessel to intercept the fiberglass boat, consistent with USCG protocol for inspecting boats crossing from Canadian to United States waters.

9. Petty Officer 2nd class (PO2) Christian Foss and PO2 Collin Royer, who were on the small USCG vessel, stopped the fiberglass boat, at which time they began to conduct a Coast Guard boarding, first asking pre-boarding questions and announcing

AFFIDAVIT OF SPECIAL AGENT YI-LIN LEE
USAO# 2015R0997 - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

their intention to board the vessel, before doing so. A language barrier prevented conversation between the officers and the vessel's occupant. PO2 Foss identified the operator of the vessel as Wen-Xian ZHANG, based on ZHANG's Chinese passport. No other persons were present on the boat.

10. While on the vessel, PO2 Foss did not find any registration numbers on the hull of the vessel. The vessel also had one crab pot on board but no crabbing license or bait for the trap. Subsequent records checks revealed that the vessel, which was registered in the name of a third party in British Columbia, Canada, had not cleared United States Customs. When attempting to inspect the bilge area of the forward compartment, PO2 Foss noticed vacuum sealed bags which appeared to contain controlled substances.

11. After finding what appeared to be a large quantity of a controlled substance, Boatswain's Mate Chief (BMC) Casey McDonald piloted the boat back to USCG Station Bellingham, Washington, for a more detailed inspection. PO2 Foss participated in the inspection of the boat, which revealed that it contained 22 packages of a brown powdery substance. One package was randomly selected and tested by Homeland Security Investigations Special Agent Ian Wallace. The substance tested positive for MDMA. The packages had a combined weight of 23.06 kilograms (50.73 pounds). Based on my training and experience, this is an amount consistent with distribution, and not personal use.

12. The SUBJECT DEVICES were found in ZHANG's possession at the time of his arrest. Based on my training and experience, I know that drug traffickers often use cellular devices like the CELLULAR PHONE to call or text other drug traffickers about drug transactions. Such devices often contain messages or pictures that reveal when and where drugs are to be purchased or sold, methods for evading law enforcement, drug prices and quantities, and other information. Drug traffickers also use such devices to call each other and store contact information, such as names and telephone numbers.

AFFIDAVIT OF SPECIAL AGENT YI-LIN LEE
USAO# 2015R0997 - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

13.     Based on my training and experience, I know that drug traffickers often use global positioning systems devices like the GPS DEVICE to find drug pick-up locations, drug delivery locations, and the route from one to the other. Such devices often store information about these locations and routes.

14.     The SUBJECT DEVICES are currently in the lawful possession of the Homeland Security Investigations (HSI). They came into HSI's possession when they were seized incident to arrest.

15.     The SUBJECT DEVICES are currently in storage at HSI Blain Washington's Seized Property Vault. In my training and experience, I know that the SUBJECT DEVICES have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the SUBJECT DEVICES first came into HSI's possession.

## **TECHNICAL TERMS**

16.     Based on my training and experience, I use the following technical terms to convey the following meanings:

   a.     Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

   b.     GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records of the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in

AFFIDAVIT OF SPECIAL AGENT YI-LIN LEE
USAO# 2015R0997 - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

17. Based on my training, experience, and research, and from consulting the product technical specifications available online at http:// http://www.gsmarena.com/motorola_moto_e-6376.php I know that the CELLULAR PHONE has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, and GPS navigation device. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device, knowledge of criminal conduct, the nature of criminal conduct, and the identity of people involved in such conduct.

## COMPUTERS, ELECTRONIC STORAGE, AND FORENSIC ANALYSIS

18. Based on my knowledge, training, and experience, I know that digital devices and electronic storage media can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device used to access the Internet. This information can sometimes be recovered with forensic tools.

19. *Forensic evidence*. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the SUBJECT DEVICES were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the SUBJECT DEVICES because:

AFFIDAVIT OF SPECIAL AGENT YI-LIN LEE
USAO# 2015R0997 - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. As explained herein, information stored within a digital device and other electronic storage media may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, information stored within a computer or storage media (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the computer or storage media. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the computer was remotely accessed, thus inculpating or exculpating the computer owner and/or others with direct physical access to the computer. Further, computer and storage media activity can indicate how and when the computer or storage media was accessed or used. For example, as described herein, computers typically contain information that log: computer user account session times and durations, computer activity associated with user accounts, electronic storage media that connected with the computer, and the IP addresses through which the computer accessed networks and the internet. Such information allows investigators to understand the chronological context of computer or electronic storage media access, use, and events relating to the crime under investigation. Additionally, some information stored within a computer or electronic storage media may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a computer may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The existence of such image files, along with external device connection logs, may also indicate the presence of additional electronic storage media (e.g., a digital camera or cellular phone with an incorporated camera). The geographic and timeline information described herein may either inculpate or exculpate the computer user. Last, information stored within a computer may provide relevant insight into the computer user's state of mind as it relates to the offense under investigation. For example, information within the computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

AFFIDAVIT OF SPECIAL AGENT YI-LIN LEE
USAO# 2015R0997 - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

20. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

### DIGITAL DEVICES AS INSTRUMENTALITIES OF THE CRIMES

21. In my training and experience, Drug Trafficking Organizations (DTO) use cellular telephones to communicate between members of the organization and coordinate the smuggling of controlled substances. In addition, DTO members take pictures utilizing cellular phones of locations, persons, vehicles and contraband pertaining to their illegal activities. Members of the organization may use the GPS function of the cellular phone or GPS device to navigate to their rendezvous location. The cellular phone or GPS device may track and store their starting point, route of travel, and destination of current as well as past criminal activities.

### SEARCH TECHNIQUES

22. Based on the foregoing, and consistent with Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure, the warrant I am applying for will permit imaging or

AFFIDAVIT OF SPECIAL AGENT YI-LIN LEE
USAO# 2015R0997 - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

otherwise copying all data contained on the SUBJECT DEVICES, and will specifically authorize a review of the media or information consistent with the warrant.

23. In accordance with the information in this affidavit, law enforcement personnel will execute the search of the SUBJECT DEVICES pursuant to this warrant as follows:

    a. **Securing the Data**

        i. In order to examine the ESI in a forensically sound manner, law enforcement personnel with appropriate expertise will attempt to produce a complete forensic image, if possible and appropriate, of the SUBJECT DEVICES.[3]

        ii. Law enforcement will only create an image of data physically present on or within the SUBJECT DEVICES. Creating an image of the SUBJECT DEVICES will not result in access to any data physically located elsewhere. However, if the SUBJECT DEVICES were previously connected to devices at other locations, they may contain data from those other locations.

    b. **Searching the Forensic Images**

        i. Searching the forensic images for the items described in Attachment B may require a range of data analysis techniques. In some cases, it is possible for agents and analysts to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. In other cases, however, such techniques may not yield the evidence described in the warrant, and law enforcement may need to conduct more extensive searches to locate evidence that falls within the scope of the warrant. The search techniques that will be used will be only those methodologies, techniques and protocols as may reasonably be expected to find, identify,

---

[3] The purpose of using specially trained computer forensic examiners to conduct the imaging of digital devices or other electronic storage media is to ensure the integrity of the evidence and to follow proper, forensically sound, scientific procedures. When the investigative agent is a trained computer forensic examiner, it is not always necessary to separate these duties. Computer forensic examiners often work closely with investigative personnel to assist investigators in their search for digital evidence. Computer forensic examiners are needed because they generally have technological expertise that investigative agents do not possess. Computer forensic examiners, however, often lack the factual and investigative expertise that an investigative agent may possess on any given case. Therefore, it is often important that computer forensic examiners and investigative personnel work closely together.

AFFIDAVIT OF SPECIAL AGENT YI-LIN LEE
USAO# 2015R0997 - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

segregate and/or duplicate the items authorized to be seized pursuant to Attachment B to this affidavit.

## CONCLUSION

24. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the SUBJECT DEVICES described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

Yi-Lin Lee
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me this 26 day of October, 2015.

HON. MARY ALICE THEILER
United States Magistrate Judge

AFFIDAVIT OF SPECIAL AGENT YI-LIN LEE
USAO# 2015R0997 - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT A

The property to be searched are

    a.    A Motorola XT1023 cellular telephone with the serial number 359301050376184, and

    b.    A Garmin Map 78, global positioning systems device, serial number 1WQ079961.

The SUBJECT DEVICES are currently located at HSI Blaine Washington's Seized Property Vault.

This warrant authorizes the forensic examination of the SUBJECT DEVICES for the purpose of identifying the electronically stored information described in Attachment B.

AFFIDAVIT OF SPECIAL AGENT YI-LIN LEE
USAO# 2015R0997 - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT B

1. All records on the SUBJECT DEVICES described in Attachment A that relate to the crimes of Possession of Controlled Substances with Intent to Distribute, (21 U.S.C. § 841(a)(1) and (b)(1)(C)) and Importation of a Controlled Substance (21 U.S.C. § 952(a), 960(a)(1) and 960(b)(3)) since January 1, 2015, including:

   a. any information about suspected drug customers or drug trafficking associates, including but not limited to names, phone numbers, addresses, pictures, videos, or any other identifying information;

   b. any information about types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   c. any information related to sources of drugs, including but not limited to names, addresses, phone numbers, or any other identifying information;

   d. any information related to the purpose or nature of Wen-Xian Zhang's activities on or around August 27, 2015, including but not limited to information about where he was supposed to go, who he was supposed to meet, how he was supposed to travel, and what he was supposed to do;

   e. any information related to Wen-Xian Zhang's or the GPS Device's location from January 1, 2015, to the present;

   f. any information recording Wen-Xian Zhang's schedule or travel from January 1, 2015, to the present;

   g. all bank records, checks, credit card bills, account information, and other financial records;

   h. any information about law enforcement locations or practices and methods for avoiding detection by law enforcement;

2. Evidence of user attribution showing who used or owned the SUBJECT DEVICES at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

AFFIDAVIT OF SPECIAL AGENT YI-LIN LEE
USAO# 2015R0997 - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3. Records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

4. Records of locations where the SUBJECT DEVICE traveled, including GPS data, maps, addresses, network data, and other information.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

AFFIDAVIT OF SPECIAL AGENT YI-LIN LEE
USAO# 2015R0997 - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970